IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GORDON L. ROCKHILL, and NANCY ROCKHILL, | ) ) ) | |
| Plaintiffs, | ) ) | 8:12CV167 |
| V. | ) ) | |
| WILLIAM W. JEUDE, and UNIVEST, Inc., | ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the Court on non-party Mick & Associates, P.C., LLO's ("Mick") Motion to Quash (filing 1). Mick requests that this Court quash the subpoena dues tecum served upon it by Plaintiffs in connection with a lawsuit pending in the United States District Court for the Western District of Washington. For the reasons explained below, Mick's Motion will be granted in part, and denied in part.

BACKGROUND

Plaintiffs, who were investors in Meridian Mortgage Investors Fund II, LLC ("MMIF II")[1], filed suit in the Western District of Washington against broker/dealer Unvest, Inc. and its registered representative, William Jeude ("Jeude"), alleging violations of the Securities Act of Washington.[2] The Act makes it unlawful for any person, in connection with the purchase or sale of a security, to employ any device, scheme or artifice to defraud, to make any untrue statement of a material fact or omit any material fact, or to engage in any act, practice or course of business that operates as a fraud or deceit. RCW 21.20.010. However, an affirmative defense exists under the Act when the defendant "did not know, and in the

---

[1] MMIF II was part of a group of investments known as the Meridian Funds, which were a Ponzi scheme orchestrated by Darren Berg.

[2] Defendants did not participate in the briefing on Mick's motion to quash.

exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist." RCW 21.20.430(3).

When Plaintiffs moved for summary judgment in the underlying action, Defendants introduced the Declaration of David Sengstock ("Sengstock"). Sengstock, who is an attorney with Mick, attested that Mick performed "an independent due diligence review of Meridian Partnership Management, Inc. ("Meridian") for the benefit of First Allied Securities, Inc. ("FAS"), a broker/dealer that was then investigating whether to recommend Meridian's investment funds as possible real estate investment alternatives for FAS's investors." (Filing 9-2 at CM/ECF p. 108.)[3] Attached to Senstock's declaration was a copy of Mick's report to FAS concerning its due diligence review of Meridian ("Meridian Opinion"). In opposition to Plaintiffs' motion for summary judgment, Defendants argued that they could not have known of various facts because Mick did not disclose those facts in the Meridian Opinion. Defendants also identified Sengstock as a trial witness, stating that he might testify regarding Mick's "independent due diligence review of Meridian." (Filing 9-3 at CM/ECF p. 5.)

On or about March 16, 2012, Plaintiffs served a subpoena dues tecum on Mick seeking information related to Mick's due diligence review of Meridian and the Meridian Opinion. (Filing 9-3 at CM/ECF pp. 10-14.) Mick produced some documents responsive to the subpoena, but indicated that there were categories of privileged documents that they would not produce without a court order. Mick then filed the motion to quash pending before this Court.

**ANALYSIS**

Under Federal Rule of Civil Procedure 45(c), the Court must quash or modify a subpoena if it fails to allow a reasonable time to comply, subjects a person to undue burden, or requires disclosure of a privileged or protected matter. Fed. R. Civ. P. 45(c). Mick

---

[3] Broker/dealers have a duty to investigate a security prior to recommending it to their clients. (Filing 9.) Therefore, the issuer (here, Meridian) pays an independent party to prepare a due diligence review. The broker/dealer then utilizes the due diligence review in determining whether to allow its registered representatives to recommend the security.

argues that the Court should quash the subpoena because the subpoena seeks materials protected by the attorney-client privilege and the work product doctrine. Mick further contends that the requests contained in the subpoena are overly broad and seek information that is irrelevant to the underlying litigation.

The attorney client privilege shields from disclosure confidential communications between an attorney and client made for the purpose of facilitating the rendition of legal services. "A communication is not privileged simply because it is made by or to a person who happens to be a lawyer." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). Rather, the privilege protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). The work product doctrine is distinct from and broader than the attorney client privilege. *In re Murphy*, 560 F.2d 326, 337 (8th Cir. 1977). It shields from disclosure documents and other tangible things that are prepared in anticipation of litigation by or for another party or its representative, including the party's attorneys, consultants, insurers and agents. Fed. R. Civ. P. 26. A document is considered to have been prepared in anticipation of litigation if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (quotation and citation omitted).

Mick has not demonstrated that the Meridian Opinion and the materials related to its due diligence review of Meridian are attorney-client privileged. Mick concedes that in conducting the due diligence review, it was not representing Meridian, but instead was representing the interests of its broker/dealer clients. (Filing 1 at CM/ECF p. 3.) Mick contends that the Meridian Opinion is a legal opinion that was issued to specific broker/dealer clients and that it is prohibited from revealing information related to the Opinion without privilege waivers from its broker/dealer clients. Mick has not shown, however, that the due diligence review actually consists of legal advice. The Meridian Opinion details information gathered by Sengstock, but it all appears to have come from third parties, not Mick's clients. Additionally, the ultimate conclusion in the Opinion is business, not legal, advice: "In summary, we believe that MPM should present your clients with a

3

viable real estate investment alternative for your investors." (Filing 9-3 at CM/ECF p. 41.) In short, there is no evidence suggesting that the subpoenaed documents contain privileged information and, importantly, Mick has not produced a privilege log or other detailed description of the withheld documents which would enable the parties, or the Court, to better-assess the privilege claim. *See* Fed. R. Civ. P. 45(d)(2)(A)(ii).

Likewise, Mick has not shown that the subpoenaed documents are protected work product. The due diligence review of Meridian was not undertaken in anticipation of litigation or for trial. Rather, Meridian, as issuer of the securities, paid Mick to conduct the review so as to allow broker/dealers to recommend the securities to their clients. The work product doctrine is inapplicable.

Mick also disputes the relevance of the requested materials. Mick asserts that it did not issue the Meridian Opinion to Defendants and the fact that Mick may have provided due diligence opinions regarding Meridian to other broker/dealers is irrelevant to the claims at issue in the underlying litigation. The Court disagrees. Information pertaining to the due diligence review of Meridian may be helpful in assessing whether Defendants knew, or reasonably should have known, certain facts about Meridian and/or Darren Berg. The relevance of this information is underscored by the submission of Sengstock's declaration in opposition to Plaintiffs' motion for summary judgment, as well as Defendants' identification of Sengstock as a potential trial witness.

The Court does not, however, see the relevance of the documents requested in paragraphs 2 and 10 of the subpoena's "Exhibit A." (Filing 9-3 at CM/ECF pp. 13-14.) These paragraphs request the production of "[a]ll handbooks, manuals, instructions, policies, and/or procedures pertaining to the manner in which [Mick] conducts sponsor-level independent due diligence reviews" and "[a]ll handbooks, manuals, instructions, policies, and/or procedures pertaining to the manner in which [Mick] performs entity/litigation searches." (*Id*.) Mick need not provide documents responsive to these paragraphs as the methods and procedures Mick uses in preparing its due diligence reviews are irrelevant to the issues underlying this litigation.

The Court also finds the breadth of paragraph 1 of Exhibit A, which requests "[a]ll letters of engagement, invoices, and communications pertaining to [Mick's] retention to perform a sponsor-level independent due diligence review of Meridian Partnership Management, Inc. in 2009," objectionable. (Filing 9-3 at CM/ECF p. 13.) Accordingly, this paragraph will be limited in scope to materials that Mick exchanged with Meridian Partnership Management, Inc., Meridian's representatives and/or Darren Berg.

**IT IS ORDERED** that Mick & Associates, LLO's Motion to Quash (filing 1) is granted in part, and denied in part. Mick shall produce the requested documents, with the exceptions noted above, within fourteen (14) days of this Order.

**DATED July 11, 2012.**

                                                    **BY THE COURT:**

                                                    **S/ F.A. Gossett**
                                                    **United States Magistrate Judge**